UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET HOYT,

      Plaintiff,

v.                             Case No. 6:22-cv-00325-CEM-LHP

SKYLINE HOTELS, LLC

      Defendant.

_____/

**MOTION TO DISMISS COMPLAINT**

COMES NOW the Defendant SKYLINE HOTELS LLC ("Skyline"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to Dismiss Count I of the Complaint filed by Plaintiff JANET HOYT for failure to state a claim upon which relief can be granted, and states as follows in support thereof:

   I.     INTRODUCTION

Defendant Skyline respectfully requests this Court to dismiss Count I of the Complaint.  As explained in greater detail below, Plaintiff has failed to state a claim for declaratory relief in her Complaint.  First, Plaintiff has failed to plead sufficient facts to constitute a claim for declaratory relief.

Second, Plaintiff has already plead in Count II of the Complaint a request for injunctive relief under the ADA, thus the declaratory judgment count is duplicative and unnecessary as the resolution of the ADA count would effectively resolve the issues involved in this lawsuit.

II.     LEGAL STANDARD FOR MOTION TO DISMISS

Where a complaint fails to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of the complaint.  In order to survive a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (*citing Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). However, while the allegations must be taken as true, they must amount to more than mere labels and conclusions or a mere formulaic recitation of the

elements of a cause of action. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DECLARATORY RELIEF

Generally, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton*, 515 U.S. at 287 (citations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The Act specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999), *citing Emory v. Peeler,* 756 F.2d 1547, 1551-52 (11th Cir.1985). Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties. *Emory* at 1552. "In evaluating the appropriateness of declaratory judgment, a court should consider whether 'declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity,

and controversy giving rise to the proceeding.'" *Kurlander v. Kaplan*, 2019 U.S. Dist. LEXIS 141879, 2019 WL 3944335, at *8 (M.D. Fla. Aug. 21, 2019) (internal citations omitted).   When another claim in a case will more effectively resolve the issues at stake in the case a declaratory judgment is unnecessary and should be dismissed. *Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 U.S. Dist. LEXIS 137214, 2009 WL 10671130, at *5 (M.D. Fla. Aug. 11, 2009)

**1.  Plaintiff has failed to state a claim for a declaratory judgment**

In order to state a claim for a declaratory judgment, "[a] plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Emory*, 756 F. 2d 1547 at 1552 (internal quotations omitted).

In the present matter, Plaintiff has failed to allege that an actual controversy exists requiring a declaration from the Court.   Although the Defendant alleges that the Court is empowered to issue a declaratory judgment regarding defendant's duty to comply with provisions of the ADA and/or defendant's duty to remove architectural barriers at its facility

and/or defendant's right to be free from discrimination due to disability,

Plaintiff has failed to allege that there exists any controversy regarding

defendant's duty.  The Plaintiff has not alleged that the defendant disputes

that it has a general duty to comply with the ADA – the Defendant does not

deny that the statute creates a duty upon a public accommodation.  Plaintiff

further fails to plead why such a declaration is needed.  The Plaintiff appears

to be seeking a generalized declaration that the ADA places certain duties

on public accommodations, a fact which is not in dispute and thus requires

no declaration from this Court.

    **2. A declaration would be duplicative and unnecessary to address the Plaintiff's ADA claim**

It appears from the Complaint that Plaintiff further requests a

declaration that Hoyt was discriminated against on the basis of her disability

and that the defendant violated the ADA.  Such a declaration is duplicative

of the Plaintiff's ADA claim in Count II; that claim is sufficient to address

any alleged ADA violations at Skyline's facility.  *See Bryan v. Florencia Park*

*Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 156684, 2019 WL 4394002 at *14-15 (M.D.

Fla. Sep. 13, 2019) (dismissing a claim for declaratory relief and holding that

a declaratory judgment was unnecessary where an appropriately pled claim

for violation of Title III of the ADA would be the most effective vehicle to solve the alleged issues in the case).  Furthermore, as stated above, Plaintiff has failed to assert any reason why such a declaration from this Court is needed; thus, a declaration from the Court would be unnecessary as Plaintiff's claim under the ADA would be sufficient to address the Plaintiff's allegations that Skyline violated the ADA.

IV.    CONCLUSION

For the foregoing reasons, Defendant SKYLINE HOTELS LLC's Motion to Dismiss should be granted.  Accordingly, Defendant respectfully requests that the Court enter an order dismissing the Plaintiff's Complaint. DATED this March 11, 2022

Respectfully submitted,

/s/ Rishi S. Bagga
**Rishi S. Bagga, Esq.**
Florida Bar No. 25700

THE GROSSHANS GROUP PLLC
884 S. Dillard Street
Winter Garden, FL 34787
Tel: 407-900-3261
Primary: rishi@ggrouplaw.com
Secondary: chrislyn@ggrouplaw.com;
bibi@ggrouplaw.com
*Attorney for Skyline Hotels LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Rishi S. Bagga
**Rishi S. Bagga, Esq.**
Florida Bar No. 25700